03-2814-pr, 08-6044-ag
Sudusinghe v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand ten.

PRESENT: DENNIS JACOBS,
                    **<u>Chief Judge</u>,**
      GUIDO CALABRESI,
                    **<u>Senior Circuit Judge</u>,**
      CHRISTOPHER F. DRONEY,[*]
                    **<u>District Judge</u>.**

- - - - - - - - - - - - - - - - - - - - -X
Chandrasena Sudusinghe,
    <u>Petitioner</u>,

    -v.-                       **03-2814-pr,**
                                       **08-6044-ag**

Eric H. Holder, Jr., U.S. Attorney General,
    <u>Respondent</u>.
- - - - - - - - - - - - - - - - - - - - -X

---

[*] Christopher F. Droney, Judge of the United States District Court for the District of Connecticut, sitting by designation.

1

**APPEARING FOR PETITIONER:** GLENN L. FORMICA, Formica, P.C., New Haven, CT.

**APPEARING FOR RESPONDENT:** SUE CHEN, Special Assistant United States Attorney (Neil M. Corwin, Assistant United States Attorney, of counsel), <u>for</u> Lev. L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY.

Consolidated petitions for review of orders of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petitions for review be **DENIED.**

Chandrasena Sudusinghe petitions for review of two orders of the Board of Immigration Appeals ("BIA"), one entered September 18, 2002 summarily affirming an order of removal, and the other entered June 18, 2008 denying his motion to reopen.  Sudusinghe, a Sri Lankan, alleges persecution by the Janatha Vimukthi Peramuna ("JVP") on account of his support for the United National Party ("UNP"), and seeks asylum.  We assume familiarity with the underlying facts, the procedural history, and the issues presented for review.

**I. Petition for Review of Order of Removal (Docket No. 03-2814)**

When considering a petition to review an order of removal, we review legal conclusions and applications of law <u>de novo</u>, and findings of fact under the substantial evidence standard.  <u>Mendis v. Filip</u>, 554 F.3d 335, 338 (2d Cir. 2009).  Under the substantial evidence standard, a finding of fact is reversible only if "any reasonable adjudicator would be compelled to conclude" that the finding was erroneous.  8 U.S.C. § 1252(b)(4)(B); <u>see also</u> <u>Gao v. Board of Immigration Appeals</u>, 482 F.3d 122, 126 (2d Cir. 2007).  "Where, as here, the BIA summarily affirms the [Immigration Judge's ("IJ")] decision[,] we review the decision of the IJ directly."  <u>Pavlova v. I.N.S.</u>, 441 F.3d 82, 87 (2d Cir. 2006).

Substantial evidence supports the IJ's finding that any alleged persecution was not "on account of" Sudusinghe's support for the UNP.  8 U.S.C. § 1101(a)(42)(A).  Sudusinghe offered little, if any, evidence suggesting that his alleged persecution was politically motivated.  The evidence that was offered suggests instead that the JVP targeted Sudusinghe initially because he worked for a bank and could cash a fraudulent check.  Thereafter, he was threatened because he alerted the police.  The only evidence suggesting a political motive is Jamis's threat to "get 'The UNP Ba[stard]'" (meaning Sudusinghe).  But the suggestion is weak at best--the UNP reference seems more epithet than material fact--and Sudusinghe himself diminished its value by testifying that Jamis made the threat because "he couldn't get money from me" and because "I told the police and I trapped him and I caught him and put him in the jail." On this record, the IJ was warranted in finding that Sudusinghe's political opinions were not a "central reason" for his alleged persecution.  8 U.S.C. § 1158(b)(1)(B)(i).  This finding renders Sudusinghe ineligible for asylum and is accordingly sufficient to support the order of removal, and we therefore need not reach Sudusinghe's remaining assignments of error to it.

**II. Petition for Review of Order Denying Motion to Reopen (Docket No. 08-6044-ag)**

We review orders denying motions to reopen for abuse of discretion, Ali v. Gonzalez, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam); and we find none here.  Denial of Sudusinghe's untimely motion to reopen was warranted because none of "the proffered new evidence would likely alter the result" of his asylum proceedings.  Shao v. Mukasey, 546 F.3d 138, 168 (2d Cir. 2008).  The proffered evidence does nothing to remedy the deficiency noted above: that Sudusinghe is ineligible for asylum because he has offered insufficient evidence of persecution "on account of" his political opinion.  Having failed to establish a prima facie case of asylum eligibility, he is not entitled to reopening. Id.

Finding no merit in Sudusinghe's remaining arguments, we hereby **DENY** his petitions for review.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

3